## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

PHILLIP BYNUM,                    )
                                  )
            Petitioner,           )
                                  )
     vs.                          )        Case No. CIV-08-454-D
                                  )
BRUCE HOWARD, Warden,             )
                                  )
            Respondent.           )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus.  United States District Judge Timothy D. DiGuisti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been examined, and for the reasons set forth hereafter, the undersigned finds the petition is untimely and recommends that it be dismissed on filing.

Petitioner is challenging his August 4, 2006, conviction upon his guilty plea to one count of possession of a controlled dangerous substance with intent to distribute, in the District Court of Oklahoma County, Case No. CF-2005-2791, for which he received a sentence of twenty years in prison.  Petition, p. 1 and Attachment 1 - Oklahoma Court of Criminal Appeals ("OCCA") Order Affirming Denial of Application for Post Conviction Relief, Case No. PC-2008-28.   Petitioner did not move to withdraw his plea or otherwise appeal his conviction. Petition, p. 1 and  Attachment 1, p. 1.  On July 26, 2007, almost a year after his conviction, Petitioner filed a motion for judicial review and sentence modification

which was denied on July 27, 2007.  Petition, p. 2.  On October 25, 2007, Petitioner filed an

application for post-conviction relief which was denied by the district court on December 13,

2007.  Petition, pp. 2-3 and Attachment 2 - Order Denying Application for Post-Conviction

Relief.  That denial was affirmed on appeal by the OCCA by order dated March 26, 2008.

Petition, Attachment 1.

    In this action, Petitioner raises four grounds for relief.  In Ground One, Petitioner

asserts that he was illegally seized after an illegal K-9 unit search of his vehicle.  Petition,

pp. 3-4.  In Ground Two, Petitioner claims that the assistance he received from the public

defender who represented him in the trial court was constitutionally ineffective based on the

fact that he received a twenty year sentence while his co-defendant who had retained counsel

was released due to insufficient evidence.  Petition, pp. 5-6.  In Ground Three, Petitioner

claims that he was denied a fair trial because the court accepted his "coerced plea" but

dismissed the charge against his co-defendant.  Petition, p. 7.  In Ground Four, Petitioner

asserts cumulative error.  Petition, p. 8.

## I. **SCREENING REQUIREMENT**

    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an

obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it

plainly appears from the face of the petition and any exhibits annexed to it that the petitioner

is not entitled to relief . . . ."  It is appropriate for the Court to raise the issue of timeliness of

a habeas petition *sua sponte* under Rule 4.  *Day v. McDonough,* 547 U.S. 198, 209

(2006)("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the

2

timeliness of a state prisoner's habeas petition."). The undersigned notes that in his petition, Petitioner addressed the timeliness of his habeas action. Petition, pp. 9-10. Moreover, he will have a further opportunity to be heard on the matter by filing an objection to this Report and Recommendation. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. 1994)[1] (unpublished) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to its adoption) (citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992)).

## II. TIMELINESS OF PETITION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, amended 28 U.S.C. §2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]This and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).  Petitioner has not invoked any of the provisions in § 2244(d)(1)(B), (C), or (D).  Therefore, the timeliness of the petition has been considered under § 2244(d)(1)(A).

Based on the information provided by Petitioner, the petition is clearly untimely. According to the petition, Petitioner entered his plea of guilty and was sentenced on August 4, 2006.  Petition, p. 1.  Under Oklahoma law he had ten days from that date to move to withdraw his plea.  *See* Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App.  Petitioner does not assert that he attempted to withdraw his plea and admits that he did not appeal.  Petition, p. 1.  As a result, his conviction became final for purposes of § 2244(d)(1)(A) on August 14, 2006.  *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's convictions pursuant to guilty pleas were final ten days after entry judgment and sentence where petitioner failed to appeal conviction) (citing Okla. Stat. tit. 22, § 1051; OCCA Rule 4.2).  Therefore, the one-year limitations period began to run on Petitioner's conviction on August 14, 2006, and Petitioner had until August 14, 2007, to file his federal habeas action.  *Malone v. State*, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (unpublished decision) (the one year limitation period should be

calculated using anniversary date method, citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). This action was not filed until April 30, 2008. Thus, absent statutory or equitable tolling, the petition is clearly untimely under § 2244(d)(1)(A).

<u>Statutory Tolling</u>

The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction relief . . . is pending," 28 U.S.C. § 2244(d)(2); *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). On July 26, 2007, Petitioner filed a motion for judicial review, requesting reduction or modification of his sentence. Petition, p. 2; *see also* Petition, Attachment 1, p. 1. That motion was denied by the district court on July 27, 2007. *Id.* Then on October 25, 2007, Petitioner filed an Application for Post Conviction Relief and/or Appeal Out of Time which was denied by the district court on December 13, 2007. Petition, p. 2; *see also* Petition, Attachment 2. That denial was affirmed by the OCCA in an Order dated March 26, 2008. Petition, Attachment 1. For the following reasons, none of those actions operated to toll the limitation period.

Motions for judicial review which are filed under Okla. Stat. 22, § 982a, seek discretionary review and are not appealable and therefore do not constitute post- conviction proceedings for purposes of tolling the AEDPA limitation period. *See Nicholson v. Higgins*, No. 05-7032, 2005 WL 1806446 (10th Cir. 2005) (unpublished). Therefore, the limitation period was not tolled during the time Petitioner's motion for judicial review was pending

(from July 26, 2006 through July 27, 2006).[2]  Likewise, Petitioner's application for post-conviction relief and/or appeal out of time, filed on October 25, 2007, did not toll the limitation period.  In order to toll the limitation period under § 2244(d)(2), an application for post-conviction relief must be filed within the one-year limitation period.  *See e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006)("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the state of limitations."), *cert. denied,* 127 S.Ct. 3007 (2007).  Because Petitioner's application was filed over two months after the limitation period had elapsed on August 14, 2007, the limitation period was not tolled during the pendency of the post-conviction proceedings.  Therefore, Petitioner has failed to demonstrate a basis for statutory tolling, and absent a basis for equitable tolling, the petition, filed on April 30, 2008, is time-barred.

Equitable Tolling

The Tenth Circuit has held that the limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective."  *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).[3]  However, equitable

---

[2]Clearly, even if this action tolled the limitations period, its brief pendency would not affect the timeliness of the habeas action.

[3]The Supreme Court has not specifically decided the issue of whether equitable tolling applies to time limits for the filing of federal habeas petitions by state prisoners but has assumed *arguendo* that equitable tolling is available.  *See Lawrence v. Florida*,__U.S.__, 127 S.Ct. 1079, 1085 (2007).  In *Lawrence*, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005): a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from making a timely filing.  *Lawrence*, 127 S.Ct. at 1085.

tolling is appropriate only "in rare and exceptional circumstances," such as when a prisoner is actually innocent, when uncontrollable circumstances prevent the prisoner from timely filing, or when the prisoner actively pursued judicial remedies but filed a defective pleading during the statutory period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations and citations omitted).  It is Petitioner's burden to demonstrate extraordinary circumstances beyond his control that caused the untimely filing and that he diligently pursued his federal habeas claims.  *Miller*, 141 F.3d at 977-78; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

At pages 9 and 10 of his petition, Petitioner asserts that the AEDPA limitation period should not bar his petition because:

> This is a case of jurisdiction, and as such, the one year limit and those non-jurisdictional matters deemed waived by the plea are not barring in this case.  The cause has been diligently pursued, and the waiver accepted by the lower courts is incorrect, and the failure to review the case has lead to a miscarriage of justice.  Simply put, the State did not have legal jurisdiction to search the vehicle.  The courts have held on many occasions that search and seizure is a matter of jurisdiction and guaranteed constitutionally.  As such, without legal jurisdiction to search, all matters following are deemed 'fruit of the forbidden tree'.  The District Court dismissed the identical charge of the co-defendant because, 'the evidence does not support the charge'.

Petitioner's argument that the limitation period does not apply because the State was without "jurisdiction" to search his vehicle is without merit.  A court's subject matter

7

jurisdiction involves a court's authority to hear a particular type of case. *United States v. Morton*, 467 U.S. 822, 828 (1984). Whether or not the search of Petitioner's vehicle was constitutional is irrelevant to the trial court's jurisdiction over Petitioner's criminal case and his guilty plea. To the extent Petitioner claims that incriminating evidence was discovered in an unconstitutional search, such claim fails to provide a basis for equitably tolling the limitation period set out by the AEDPA.

It appears to the undersigned that Petitioner may be trying to base a claim for equitable tolling on his assertion that "the case has lead to a miscarriage of justice." Petition, p. 10. Petitioner challenges his conviction in part on the basis that his guilty plea was unconstitutional because the court dismissed the case against a co-defendant for lack of evidence. *See* Petition, pp. 3-7. Although Petitioner believes that these circumstances have resulted in a miscarriage of justice, such claim does not "demonstrate that [Petitioner's] failure to timely file was cause by extraordinary circumstances beyond his control[]" so as to invoke equitable tolling. *Marsh,* 223 F.3d at 1220.

In any event, Petitioner clearly fails to show the required diligence in pursuing his claims for habeas relief. Petitioner first raised the issues in this action in a post-conviction action filed over a year after his conviction. The record reflects no explanation or justification for Petitioner's lack of diligence. The undersigned finds that Petitioner has not pled facts sufficient to support equitable tolling of the limitations period. *Loving v. Mahaffey*, No. 01-7063, 27 Fed. Appx. 925, 926, 2001 WL 1564057, *1 (10th Cir. Dec. 10, 2001) (unpublished decision) (holding that equitable tolling was unavailable due to the

habeas petitioner's lack of diligence, notwithstanding his placement of blame on his attorney for failure to file a notice of appeal as requested).

Accordingly, the undersigned finds that Petitioner has shown neither "extraordinary circumstances" which would warrant equitable tolling in this case nor due diligence in pursuing his federal habeas claim.  Thus, the application of the doctrine of equitable tolling is not appropriate here.

In sum, the instant petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), and the undersigned recommends summary dismissal of the action with prejudice.

## RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition be dismissed.  Petitioner is advised of his right to object to this Report and Recommendation by the 18th day of September, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 29th day of August, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE