IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP BYNUM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-08-454-D |
| ) | |
| BRUCE HOWARD, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner has timely objected to the Report, which recommends summary dismissal of the Petition as untimely under 28 U.S.C. § 2244(d). The Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254 based on claims of constitutional error with respect to a conviction and 20-year prison sentence imposed upon his plea of guilty to a charge of possession with intent to distribute a controlled dangerous substance. Petitioner asserts claims of illegal search and seizure, ineffective assistance of counsel, denial of a fair trial on a "coerced" plea, and cumulative error. The Petition states the date of the judgment was August 4, 2006, and no direct appeal was taken. The Petition also states that Petitioner first filed a motion for judicial review on July 26, 2007, which was denied July 27, 2007, and he filed an application for post-conviction relief on October 25, 2007, which was denied December 13, 2007, and the denial was affirmed March 26, 2008. Petitioner initiated this

federal action on April 29, 2008. Finding no basis for statutory or equitable tolling, Judge Roberts finds the Petition is time-barred under the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A).

In his objection, Petitioner does not dispute any fact stated by Judge Roberts regarding the history of the state court proceedings. Petitioner also does not raise any specific objection to Judge Roberts' analysis of the untimeliness of his Petition, except to argue generally that he was ignorant of the law and of the facts regarding his claims and that constitutional errors should not go uncorrected. *See* Objection [Doc. 12] at#26. Petitioner has waived further review of all issues as to which no specific objection is made. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

The law is well-settled that ignorance of the law is generally insufficient to justify equitable tolling of the statutory period. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner presents no reason to depart from this rule in his case. Petitioner's contention that he was ignorant of relevant facts also does not warrant relief from the time-bar applicable to his claims.

Section 2244(d) expressly provides additional time to pursue a newly discovered claim by postponing the start of the one-year period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). The facts on which Petitioner relies are not ones constituting a factual predicate of his claim, but information concerning the disposition of charges against a co-defendant that caused Petitioner to research his own claims.[1] Thus, even when the allegations presented in Petitioner's objection are considered, the Court finds no basis for statutory tolling.

---

[1] According to Petitioner, he was unaware of his claims "until, on his own research found out the dismissal [of the co-defendant] and reasons set forth," that is, the judge found "no evidence to support the charge." *See* Objection [Doc. 12] at 2.

2

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this circuit, equitable tolling may be appropriate when a prisoner has failed to file a timely federal petition due to "extraordinary circumstances beyond his control." *See Burger*, 317 F.3d at 1144; *see also Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("equitable tolling is limited to 'rare and exceptional circumstances'") (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). Here, Petitioner has failed to present any such extraordinary circumstance. Therefore, the Court finds Petitioner has failed to allege a sufficient basis for equitable tolling.[2]

Therefore, upon *de novo* consideration of the issues, the Court fully concurs in Judge Roberts' conclusion that the Petition is time-barred under 28 U.S.C. § 2244(d) and should be summarily dismissed.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 11] and orders the Petition dismissed as untimely. Judgment will be entered accordingly.

IT IS SO ORDERED this 29th day of September, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner cites *Kuenzel v. Allen*, 488 F.3d 1341 (11th Cir. 2007), for the proposition that the Court has discretion to hear his case. That case concerned an issue of procedural default and a claim of actual innocence; it has no application to the issues presented here.